GUS BRACK, Respondent, v. HART COMMISSION COMPANY, Appellant.

St. Louis Court of Appeals, April 17, 1894.

1. **Fraud on Part of Factor:** RELEVANCY OF EVIDENCE. A factor, to whom wool had been consigned for sale, reported a sale which the consignor claimed was a sham. On a trial whether it was so, the factor offered in evidence a letter received by him from the consignor, who admitted therein his inability to repay advances, and urged a sale of the wool. *Held,* BIGGS, J., dissenting, that this letter was not relevant to the issue.

2. ———: FORFEITURE OF COMMISSIONS. A factor forfeits his right to commissions on the sale of goods consigned to him by rendering a false account of the sale to his principal with fraudulent intent.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Valle Reyburn* and *Robert H. Kern* for appellant.

The testimony showing what efforts were made by the defendant to sell the wool of the plaintiff, and the letter received by it from the plaintiff, were perfectly competent evidence and the court erred in rejecting the same. *Ames v. Gilmore,* 59 Mo. 537; *Rude v. Harvey,* 12 Mo. App. 577; *Young v. Keller,* 16 Mo. App. 550; *Singer v. Goldenburg,* 17 Mo. App. 459; *Lennox v. Harrison,* 88 Mo. 491. Again, this letter directly supports allegations of the answer.

*Clopton & Trembley* for respondent.

(1) The jury found that there had been no sale to Joe Schott or Adler, Goldman Commission Co., and that defendant had reported such sale for the purpose of defrauding plaintiff. A trustee who has been false to his trust is allowed no compensation. 2 Woerner's

Law of Administration, 1163; *Brooks v. Jackson*, 125 Mass. 307; *Clasey Estate*, 84 Pa. St. 51–54. This rule is adhered to, even where compensation is fixed by statute. *State ex rel v. Berning*, 74 Mo. 87–100; *Warbass v. Armstrong*, 10 N. J. Eq. 263; *Fry v. Fry*, 17 N. J. Eq. 75; *Grant v. Reese*, 94 Cal. 731. (2) The court did not err in refusing to allow plaintiff to show that previous to the alleged Schott sale it had repeatedly attempted to sell said wool, nor did the court err in excluding plaintiff's letter. Plaintiff did not charge defendant with negligence in not selling said wool, nor did he charge that the wool was sold for less than instructed.

BOND, J.—This action is for a balance of $1,870.44, alleged to be due upon a consignment of wool for sale by defendant. The defense was that the wool in question had been sold on the twenty-eighth of September, 1892, at ten and one-half cents per pound, in open market in the city of St. Louis, and that defendant had duly accounted to plaintiff for the proceeds of such sale. The reply denied the sale of the goods by defendant on the twenty-eighth of September, at ten and one-half cents per pound, and averred that defendant had reported such sale for the purpose of defrauding plaintiff, when in fact no such sale had taken place. The reply further set up that defendant had sold the wool about October 1, 1892, at eleven cents per pound, which sale defendant had failed to report or account for the proceeds thereof to the plaintiff; that, when the plaintiff learned of this sale, to wit, November 7, 1892, defendant falsely represented that the goods had been sold prior to that time; that defendant was false to his trust and forfeited his right to compensation upon a commission of one-half cent per pound, which had been agreed upon by the parties;

that plaintiff, on learning of these facts, tendered or offered to defendant to return to defendant the check for $30.11 which defendant had sent plaintiff as a consummation of the sale alleged in defendant's answer.

The evidence tended to show an entry in defendant's cash book, of date twenty-ninth of September, 1892, to wit:

"Account Gus Brack, sold J. Schott 237 bags of wool at ten and one-half cents; if not delivered within thirty days, charge at rate of ten cents per bag for month's storage."

On the next day there was an entry on defendant's sale books covering two pages, setting forth the sale of same wool to Frank & Hellendale for eleven cents per pound. The goods were delivered under this sale, and no commission was charged by defendant therefor. The proceeds of this sale were collected by defendant about October 4, 1892. The check of the purchasers, Frank & Hellendale to the amount of $5,000, was turned over by defendant to the firm of Adler, Goldman & Co. in payment of a loan of that amount to the defendant at the time defendant advanced $5,005 to plaintiff on the consignment of said wool. Defendant's cash book, of date December 7, 1892, also disclosed that it paid $1,284.83 to Adler, Goldman & Co.

It further appeared in evidence that plaintiff noticed a publication of a sale of wool answering the description of his consignment, and that thereupon he sent a letter of inquiry through a Mr. Crowdus to defendant, and received the following reply:

"HART COMMISSION COMPANY.

"ST. LOUIS, 11–12, 1892.

"*Gus Brack, Big Springs, Tex.*

"DEAR SIR: Have delayed sending return on wool, as we made two sales. 1st., sold to J. Schott at 10 1-2

cts., and kept it in house for few days when F. & H. came along and offered us 11 cts. for wool, and we let him have it. Now what we was trying to do was to get Schott to let us off with the 1-2 ct., but, as he bought it straight *out*, he would not do so; so we had to give him the difference, 313.50. Now we would not like for F. & H. to know this; but if you will write to J. Schott & Co. he will tell you how it was. F. & H. just told us they were stuck, and would not give 10 c. for another lot as it scrimps 80 per cent. They have only been offered 10 cts. for it. We allow you the storage of 47.50, and enclose check for $30.11 to bal. all. Trust you will understand the position; we had repeatedly offered this wool at 10 1-4 cts. and could not get a bid.                    Yours respt.

                         "HART COMM. CO.

"If F. & H. would find out we sold them the wool after selling it, they would feel hard towards us."

According to the testimony of defendant's president, the sale to Schott was to the firm of Adler, Goldman & Co., to which he belonged and to whom defendant accounted for the subsequent sale.

According to Schott's testimony, the first sale was to himself, and the profit of one-half cent on the subsequent sale was paid to him personally. It was admitted that there was no weighing or delivery of the goods to Schott, nor any payment thereon by him, nor any further memorandum than the entry, *supra*, in defendant's cash book; and there was some testimony tending to show that the entry of the sale to Schott was the last entry of transactions, purported to be made on the twenty-ninth, and looked fresher than the entry made on the thirtieth.

Defendant offered in evidence the following letter which the court excluded, to which ruling exception was saved.

"BIG SPRINGS, TEXAS, September 27, 1892.
"*Messrs. Hart Commission Co., St. Louis, Mo.*

"GENTLEMEN: Your favor of 23rd inst. to hand. You request that I send you check for margin, etc. I have not got $25, if my life depended upon it. I do not desire you to hold the wool longer, unless you think best. Sell as soon as you can get out of it. If it does not pay out, I have nothing with which to make it good. I am quite at a loss to understand your P. C.; it quotes 12 Mo. Heavy and Sandy at 12 and 14 cents. What does this mean? Yours truly,

"GUS BRACK."

Although there was some conflict in the testimony as to the sale by defendant to Schott, there was ample evidence, corroborated by the attendant circumstances, that the transaction between defendant and Schott was a sham, and that the report thereof to plaintiff was untrue.

The trial resulted in verdict and judgment for plaintiff, from which defendant has prosecuted the present appeal.

"The principal error complained of" is the exclusion of the letter *supra,* written by respondent, of date September 27, 1892.

There was no error in this ruling of the circuit court. The letter in question merely put the selling of the consignment in the discretion of appellant. It did not in any way bear upon the fact as to whether appellant had made the sale to Schott, or to Frank & Hellendale. It was the fact of the sale to Schott which respondent impugned, not the authority to make a sale to him. As the factor of respondent, appellant had full power to sell the goods in question, and, if such sale was made *bona fide,* it would be as valid as if made directly by respondent; and the court so instructed the jury.

VOL. 57—39

The issue in this case was neither a want of power nor a want of diligence upon the part of appellant in selling the wool, but it was, whether or not, having made a valid sale, appellant falsely reported a prior bogus sale for a less price, and sought to make the latter the basis of a settlement with respondent.

The finding of the jury on this issue, which is amply sustained by the evidence, is conclusive of the misconduct of appellant, whereby it justly forfeited the right to any commission on the sale in question. Mechem on Agency, section 1027; *Smith v. Crews*, 2 Mo. App. 269.

The result is that the judgment of the lower court will be affirmed. All concur, Judge Biggs in the result.

### SEPARATE OPINION.

Biggs, J.—I think the letter ought to have been admitted. The issue was of a two-fold character. Was there a sale to Schott, and was it *bona fide?* The letter bore on the last issue.

In the investigation of fraud, the inquiry takes a very wide range, and either party is entitled to have every fact or circumstance tending to characterize the transaction to go before the jury. However, the other evidence touching on the question of the good faith of the sale to Schott is such that I concur in affirming the judgment on the ground that a retrial would not and ought not to result differently.